consideration of the compromise of bankruptcy proceedings, and the retention of property by the former claimed to have been transferred to it by the latter in violation of the Bankruptcy Act, cannot invoke the doctrine of *ultra vires* as a defense in an action on the notes.

4. COSTS, § 67*—*when damages assessed on writ of error for delay.* Where the contentions made the basis for a writ of error are without merit and of such a character that a reversal of the judgment could not reasonably have been hoped for, damages may properly be assessed.

---

## The William Herely Company, Defendant in Error, v. The Elite Livery and Snyder Teaming & Transfer Company, Plaintiffs in Error.

### Gen. No. 20,442.    (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding.    Heard in the Branch Appellate Court at the October term, 1914.    Affirmed.    Opinion filed April 13, 1915.

### Statement of the Case.

The facts of this case are the same as in that of *Jahp v. Elite Livery, ante,* p. 249, except that the note here was payable to the William Herely Company. The same judgment was rendered below as in the *Jahp* case, the same contentions were raised in this court by counsel and the same decision made and judgment rendered by the Appellate Court.

RAYMOND C. LYON, for plaintiffs in error.

LEVISOHN & LEVISOHN, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Mr. Justice Gridley delivered the opinion of the court.

### John D. Casey, Administrator, Appellant, v. Charles Deinet, Appellee.

### Gen. No. 20,449.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. MAZ-ZINI SLUSSER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Reversed and remanded. Opinion filed April 13, 1915.

### Statement of the Case.

Action by John D. Casey, administrator of the estate of Julia M. Dickinson, deceased, against Charles Deinet to recover the sum of ten thousand dollars for the wrongful death of said Julia M. Dickinson as the result of the alleged negligence of the defendant.

The decedent was a tenant of the defendant and at the time of the injury, which subsequently resulted in her death, was engaged in assisting another tenant of the defendant occupying an apartment above that leased by the deceased. While leaning against the railings on the porch, they gave way, precipitating her to a roof below, resulting in injuries which subsequently caused her death. At the conclusion of the plaintiff's evidence, on motion of the defendant, the court orally instructed the jury to find the defendant not guilty, not because of the insufficiency of the evidence, but upon the grounds, as orally stated by the court, that "the declaration contains no allegation of any facts from which the court can conclude that plaintiff's in-